# STATE OF MICHIGAN

# COURT OF APPEALS

KEN HOLDINGS, L.L.C.,

Plaintiff-Appellant,

v

AUTO-OWNERS INSURANCE COMPANY,
MICHAEL J. KAPTURE, and AMERICA ONE
KAPTURE INSURANCE AGENCY, INC., also
known as KAPTURE INSURANCE AGENCY,
INC.,

Defendants-Appellees.

UNPUBLISHED
November 1, 2016

No. 325427
Genesee Circuit Court
LC No. 11-095991-CK

Before: METER, P.J., and SHAPIRO and O'BRIEN, JJ.

O'BRIEN, J. (*concurring in part and dissenting in part*).

I write separately to express my disagreement with the majority's ultimate conclusion—that no genuine issue of material fact remains as to whether KEN Holdings, L.L.C., is entitled to coverage under Clause C. The majority justifies this conclusion, in pertinent part, by stating that "Auto-Owners intended to sell the entire Endorsement, and the insured intended to buy the entire Endorsement with coverage under all three clauses." I do not believe there is a dispute as to whether the parties were buying and selling partial endorsements. Instead, I believe there is a dispute as to whether the parties intended that Clause B or Clause C apply to KEN Holdings, and this Court has already explained why the insurance contract at issue is ambiguous in this regard. See *KEN Holdings v Auto-Owners Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued June 26, 2014 (Docket No. 312894), pp 4-6. Rather than reverse and remand again, however, the majority concludes that the parties intended that Clause C, not Clause B, apply to KEN Holdings as a matter of law. The only support for this conclusion in the insurance contract is the presence of KEN Holdings with the notation "Interest: Loss Payable" in the commercial property coverage declaration, and this Court has already "conclude[d] that the insurance contract is ambiguous regarding what effect, if any, the notation 'Interest: Loss Payable,' has on KEN Holdings' right to recover under the contract even if HCSL is not entitled to coverage." *KEN Holdings*, unpub op at 5. On remand, Auto-Owners presented testimony that, had the contracting parties intended Clause C, not Clause B, to apply, they would have

-1-

designated KEN Holdings' interest as that of a "Lender's Loss Payee," not a "Loss Payee." KEN Holdings presented testimony to the contrary. I believe that the factfinder must resolve this factual dispute.[1] Rather than allow the factfinder to do so, however, the majority concludes, as a matter of law, that "the intent of the parties is clear" based on the price of the insured's premium.[2] I do not believe the well-established rules of contract interpretation in this state allow such a conclusion.[3] Accordingly, I would reverse the trial court's grant of summary disposition to Auto-Owners, affirm the trial court's denial of summary disposition to KEN Holdings, and remand this matter for further proceedings with respect to Auto-Owners' liability, if any.[4]

/s/ Colleen A. O'Brien

---

[1] I agree with the majority's statement that the additional testimony presented by the parties did not resolve the ambiguity.

[2] Specifically, the majority explains that, had Auto-Owners desired to have only Clause C apply, it should have offered an endorsement with only Clause C. But, the majority continues, because it offered the entire "Loss Payable Provisions" Endorsement as one endorsement with one premium, the parties intended that there be coverage under all three clauses.

[3] In my view, the majority's opinion reflects the application of the rule of *contra proferentem*, which allows the factfinder, not this Court, to find in favor of the nondrafter "only after all conventional means of contract interpretation, including the consideration of relevant extrinsic evidence, have been applied and found wanting." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 472 NW2d 447 (2003).

[4] I agree with the majority's conclusion that a remand to a different trial judge is not required under the facts and circumstances of this case.